————o————

No. 6082.

## JOSEPH M. DURAN vs. ALVIN E. HEBERT, SECRETARY OF STATE.

### Syllabus.

1. The duty of the Secretary of State in issuing a *"certificate of authority"* to an insurance agent is confined to certifying that the company has complied with the law, and that the agent has been duly authorized by the company to act as such.

2. Whether or not an insurance company is violating the law by appointing an agent for the sole purpose of allowing him a rebate or commission on a particular piece of business, is a question which can be determinel only in a proceeding to which the company, whose rights may thereby be affected, is a party.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 107,117. Hon E. K. Skinner, Judge.

M. S. Dreifus, for plaintiff and appellee.

R. G. Pleasant, D. Wendling, for defendant and appellant.

His Honor JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

By Act 105 of 1898, Art. 3, Sec. 3, it is provided that

> "No person shall act as agent of any insurance company * * * without procuring from the Secretary of State * * * a certificate of authority stating that such company * * * has complied with all the laws of this State relative to such company * * * "

By Act 167 of 1902, Sec 4, it is provided that,

> "No person shall act as agent, solicitor or representative of an insurance company * * * without being provided with a certificate of authority from the Secretary of State showing him to be duly authorized to act as such agent, representative or solicitor."

By Act 124 of 1898 the Secretary of State is authorized to charge in the Insurance Department of his office the following fee, to-wit: "For each agent's certificate, Two Dollars."

As there is no other provision of law on the subject of the **certificates of authority** to be issued by the Secretary of State to Insurance Agents, and as the foregoing provisions must be read together, as laws on the same subject, it follows that when an insurance company has complied with all the laws of this State relative to such company, and has appointed an agent, solicitor or representative, the Secretary of State has no other duty to perform in the premises but to issue his certificate stating such facts, upon being paid the prescribed fee of $2.00.

For the law does not authorize the Secretary of State to appoint, approve or disapprove, an agent for an insur-

ance company, that being the exclusive privilege of the company itself; the duty of the Secretary of State being confined to certifying that the company "has complied with the law," and that the agent is "duly authorized to act as such."

Whether or not the Secretary of State may revoke an authority once granted, and under what circumstances; and whether or not an insurance company is violating the law by appointing an agent for the sole purpose of allowing him a rebate or commission on some particular piece of business, are questions which cannot be raised at this time or in this form, especially as the company, whose rights might thereby be affected, is not a party to these proceedings.

Judgment affirmed.

Opinion and decree, April 20th, 1914.

Rehearing refused, May 4th, 1914.

Writ denied, June 9th, 1914.